UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SIOBHAN MORROW and TRACEE LE FLORE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>Defendant. | Civil Action No. 1:21-cv-0722 (MSN/LRV) |
| MARIA HART and TRACEE LE FLORE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>Defendant. | Civil Action No. 1:22-cv-0844 (MSN/LRV) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Navy Federal Credit Union's Motion and Memorandum in Support of Its Motion to Strike Plaintiff Hart's Deposition Errata Sheet ("Motion to Strike") (Dkt. No. 118), requesting an order striking the errata sheet for Plaintiff Maria Hart's February 8, 2023 deposition. The Motion to Strike is fully briefed. The undersigned has considered all of the facts and legal contentions presented in the parties' papers and on the record in this matter and finds that oral argument would not aid in the decisional process. For the following reasons, the Motion to Strike is **GRANTED**.

## BACKGROUND

This class action litigation centers on the scope of International Service Assessment Fees ("ISA Fees") charged by Defendant Navy Federal for transactions made outside of the United States. Plaintiffs, a class of Navy Federal accountholders, allege that Defendant breached its contractual obligations by charging ISA Fees for transactions made while the accountholder was in the United States. (Dkt. No. 1.) Thus, at the heart of the dispute is the scope and meaning of a transaction that is made "outside of the United States."

Defendant moves to strike the errata sheet from the February 8, 2023 deposition of Plaintiff Maria Hart. Plaintiff Hart's errata sheet consists of three changes to her deposition testimony—each of which Defendant seeks to strike.

The first two errata entries relate to the issue of Ms. Hart's understanding of what constitutes an "international transaction." First, in response to the question "*Is there something else you believe an international transaction could be?*," Plaintiff Hart testified at her deposition: "*A transaction that is made — well, that you're not in another country. If it — you're in separate countries, it's international.*" (Dkt. No. 118-2 at 53:11-13.) On her errata sheet, Plaintiff Hart changed this response to instead read: "*A transaction that is made abroad is international.*" (Dkt. No. 118-1 at 2.)

Second, in response another question regarding her understanding of what an international transaction is, Plaintiff Hart testified "Yes" several times in a row. The specific exchange from the transcript reads:

Question: *Okay. A transaction where you have two different parties in two different countries —*

Ms. Hart: *Yes.*

Question: — *is that right?*

Ms. Hart: *Yes.*

Question: *And that would be a reasonable and —*

Ms. Hart: *Yes.*

Question: — *clear understanding of what an international transaction is.*

(Dkt. No. 118-2 at 53:14-22.) On her errata sheet, Plaintiff Hart changes the second "Yes" response to read "*Yes, if both parties are abroad.*" (Dkt. No. 118-1 at 2.)

The final errata entry challenged by Defendant relates to a question regarding how Ms. Hart learned of the litigation.

Question: *Okay. Where did you see it? Was it an advertisement or was it an email or —*

Ms. Hart: *It was in an email that I received.*

(Dkt. No. 118-2 at 133:24 – 134:1.) For this response, Plaintiff Hart's errata sheet instead reads: "*I saw an ad online, and I responded to the ad.*" (Dkt. No. 118-1 at 2.)

Defendant argues the three changes on Ms. Hart's deposition errata sheet constitute improper substantive revisions that materially alter her testimony and are not permitted under Federal Rule of Civil Procedure 30 and relevant caselaw. (Dkt. No. 118, at 1, 4.) Plaintiffs oppose Defendant's Motion to Strike, asserting that the proposed changes are permissible clarifications of incomplete and confusing responses that do not accurately reflect Ms. Hart's recollection. (*See* Dkt. No. 143 at 1-2.) The parties appended to their briefs copies of the relevant pages from the original deposition transcript, as well as the proposed errata sheet. The Court has not reviewed or been provided the full deposition transcript.

3

## LEGAL STANDARD

Federal Rule of Civil Procedure 30(e) allows a deponent 30 days to review the transcript or recording and, "if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." Fed. R. Civ. P 30(e)(1). There is ample authority from this District establishing the bounds of what constitutes permissible changes to deposition testimony on an errata sheet. *See e.g.*, *E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 277 F.R.D. 286, 297-98 (E.D. Va. 2011) (striking substantive changes that went beyond correcting typographical errors); *Lee v. Henrico Cnty.*, 2019 WL 1233850, at *2 (E.D. Va. Mar. 15, 2019) (distinguishing a permissible change to correct typographical omission from impermissible substantive change altering original testimony); *Stradtman v. Republic Servs., Inc.*, 2015 WL 3404139, at *3 (E.D. Va. May 26, 2015) (declining to strike where requested change attempted to clarify unintelligible testimony and did not substantively alter original testimony). While Rule 30(e) allows a deponent to change her deposition testimony, such changes may not materially alter the testimony unless they correct a typographical or transcription error in the original testimony. *Touchcom, Inc. v. Bereskin & Parr*, 790 F. Supp. 2d 435, 465 (E.D. Va. 2011) ("The purpose of an errata sheet is to *correct alleged inaccuracies* in what the deponent *said* at his deposition, not to modify what the deponent said for tactical reasons or to reflect what he wishes he had said.").

## ANALYSIS

Each of the three proposed changes in Plaintiff Hart's errata sheet is plainly substantive and changes the meaning of her original testimony. With respect to all three changes, Plaintiffs do not assert that the errata sheet seeks to correct typographical or transcription errors, and their claim that the three changes are "minor" is unavailing.

In altering the first two responses, the errata sheet introduces the word "abroad," a term

that Plaintiff Hart did not use in either of her original responses. As discussed above, at the crux of this litigation is the scope and meaning of when a transaction is made "outside of the United States." Seemingly at issue in the first two responses addressed by the errata sheet is Plaintiff Hart's understanding of what constitutes an international transaction. While the undersigned doubts that this testimony is dispositive to the litigation, the proposed changes on the errata sheet nevertheless impermissibly alter Plaintiff Hart's original responses. "Rule 30(e) (allowing the submission of errata sheets), cannot be interpreted to allow one to alter what was said under oath." *Touchcom*, 790 F. Supp. 2d at 465 (internal quotation marks and citation omitted).

Plaintiff Hart's third proposed change, if allowed, also would materially alter her response. Indeed, she seeks to change her answer entirely—from testifying that she learned about the litigation from "*an email that I received*" to the errata sheet version of "*I saw an ad online, and I responded to the ad.*" The proposed change is a completely different answer and Plaintiffs' argument that the new response corrects a mistake of fact is unpersuasive. Further, while the errata sheet seeks to change Plaintiff Hart's response in line 1 of page 134 of her original testimony ("*It was in an email that I received.*"), the rest of the testimony on the remaining lines of page 134 continues to discuss "email"—using the term at least eight times—with Plaintiff Hart responding "Yes" four times. Plaintiff Hart did not seek to change any of the other references to "email" on page 134. Thus, if Plaintiff Hart's response in line 1 on page 134 was changed to instead state that she learned about the litigation by seeing an ad online and responding to that ad, the rest of the discussion about "email" on page 134 would not make sense.

The changes on Plaintiff Hart's proposed errata sheet go beyond correcting typographical or transcription errors and veer into impermissibly altering her original testimony. Because the

errata sheet consists only of the three changes at issue, all of which are impermissible, the Court strikes the entire errata sheet.

## ORDER

Upon consideration of Defendant's Motion to Strike, Plaintiffs' opposition thereto, and Defendant's reply, and for the reasons set forth above, it is hereby

**ORDERED** that Defendant's Motion to Strike (Dkt. No. 118) is **GRANTED**; it is further

**ORDERED** that Plaintiff Maria Hart's March 12, 2023 errata sheet is stricken from the record in this case.

**ENTERED** this 19th day of April, 2023.

/s/ LRV
Lindsey Robinson Vaala
United States Magistrate Judge

_____
Lindsey Robinson Vaala
United States Magistrate Judge

Alexandria, Virginia