IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SIOBHAN MORROW and TRACEE LE FLORE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>Defendant. | Case No. 1:21-cv-722-MSN-LRV |
| MARIA HART and TRACEE LE FLORE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>Defendant. | Case No. 1:22-cv-844-LRV |

## **FINAL APPROVAL ORDER, ORDER GRANTING APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS, AND FINAL JUDGMENT**

WHEREAS, the Parties in the above-captioned class Action entered into a Class Action Settlement Agreement;

WHEREAS, Plaintiffs and Class Counsel filed the Unopposed Motion for Final Approval of Class Action Settlement and Application for Attorneys' Fees, Costs, and Service Awards in this Action;

WHEREAS, on December 8, 2023, this Court entered a Preliminary Approval Order

1

which, *inter alia,* (i) preliminarily approved the Settlement; (ii) determined that, for purposes of the Settlement only, the Action should proceed as a class action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3); (iii) appointed Plaintiffs the Class Representatives; (iv) appointed as Class Counsel Jeff Ostrow and Daniel Tropin of Kopelowitz Ostrow P.A., Sophia G. Gold of Kaliel Gold PLLC, (Eddie) Jae K. Kim of Lynch Carpenter LLP, and David M. Wilkerson of The Van Winkle Law Firm; (v) approved the form and manner of the Notice Program, Claim Form, and Claims Process; and (vi) set a hearing date to consider Final Approval of the Settlement;

WHEREAS, Notice was provided to all persons identified in the Settlement Class List in accordance with the Court's Preliminary Approval Order by individual email and/or mailings to all potential persons in the Settlement Class who could be reasonably identified, including reminder email notices, and the Claims Process was initiated and the Claims Period remained open on the date of the Final Approval Hearing;

WHEREAS, a CAFA Notice of Settlement was mailed on December 1, 2023, to governmental entities as provided for in 28 U.S.C. § 1715;

WHEREAS, on July 24, 2024, at the United States District Court for Eastern District of Virginia, Alexandria Division, Albert V. Bryan U.S. Courthouse 401 Courthouse Square Alexandria, VA 22314, the Honorable Lindsey R. Vaala held a Final Approval Hearing to determine whether the Settlement was fair, reasonable, and adequate, and to consider Plaintiffs' Application for Attorneys' Fees, Costs, and Service Awards; and

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all other files, records, and proceedings in the Action, and being otherwise fully advised,

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

2. This Final Approval Order and Final Judgment incorporates the definitions in the Agreement, and all capitalized terms used in this Final Approval Order and Final Judgment have the same meanings as set forth in the Agreement, unless otherwise defined herein.

3. The Notice and Claims Process provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein, to all persons entitled to notice. The Notice and Claims Process fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23(e)(1), and all other applicable law and rules. No Settlement Class Member has objected to the Settlement.

4. The notice to governmental entities, as given, complied with 28 U.S.C. § 1715.

5. The Settlement includes, as set forth in greater detail in the Agreement, a non-reversionary $5,500,000.00 Settlement Fund to cover Settlement Class Member Payments, Settlement Administration Costs, a Court-approved Attorneys' Fees and Costs Payment to Class Counsel, and Court-approved Service Awards to the Class Representatives.

6. Applying the factors set forth in Federal Rule of Civil Procedure 23(e)(2) and in *Jiffy Lube Sec. Litig.*, 927 F.2d 155 (4th Cir. 1991), the Settlement set forth in the Agreement: is in all respects fair, reasonable, and adequate to the Settlement Class; was the product of informed, arm's-length negotiations among competent, able counsel; and was made based upon a record that is sufficiently developed and complete to have enabled the Class Representatives and Navy Federal to adequately evaluate and consider the strengths and weaknesses of their respective positions. The Settlement relief is adequate, taking into account the costs, risks, and delay of trial and appeal; the

3

effectiveness of any proposed method of distributing the Settlement Fund to the Settlement Class; and the terms of any proposed award of attorneys' fees, including timing of payment. The Settlement treats Settlement Class Members equitably relative to each other. In finding the Settlement fair, reasonable, and adequate, the Court has also considered the number of opt-outs from the Settlement, the lack of any meritorious objections by Settlement Class Members, and the opinions of competent counsel concerning such matters. The Court has considered duly filed objections to the Settlement, if any, and to the extent such objections have not been withdrawn, superseded, or otherwise resolved, they are overruled and denied in all respects on their merits.[1] There were no other timely additional objections.

7. The Class Representatives and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of Settlement Class Members in connection with the Settlement.

8. A list of the 13 individuals who have validly opted out is attached hereto as *Exhibit A*. Those individuals will not be bound by the Settlement or the Releases contained therein.

9. Because the Court approves the Settlement set forth in the Agreement as fair, adequate, and reasonable, the Court authorizes and directs implementation of all terms and provisions of the Agreement.

---

[1] The Court acknowledges the filing of Carlton X. Mathews after entry of the Preliminary Approval Order, requesting to be included in the Settlement Class. (Dkt. Nos. 239 & 245.) The record reflects that Mr. Mathews is not a member of the Settlement Class, therefore, he shall not be included in the Settlement Class for distribution of the Net Settlement Fund. The Court also acknowledges the filing by Jonathan Palmer, following entry of the Preliminary Approval Order (Dkt. No. 243), who Class Counsel represents is a member of the Settlement Class. However, that filing does not comply with the requirements to opt-out of the Settlement under the terms of the Agreement or Preliminary Approval Order. His filing is unintelligible as to whether he seeks to be excluded from the Settlement Class. Therefore, he shall remain in the Settlement Class and be bound by this Final Approval Order and Final Judgment.

10. Settlement Class Members with Valid Claims shall be entitled to receive a Settlement Class Member Payment in accordance with the procedures set forth in the Agreement.

11. All Parties to the Action, and all Settlement Class Members, are bound by the Settlement as set forth in the Agreement and this Final Approval Order and Final Judgment.

12. The appointment of Siobhan Morrow, Tracee LeFlore, and Maria Hart as Class Representatives is affirmed.

13. The appointment of the law firms of Jeffrey Ostrow of Kopelowitz Ostrow P.A., Sophia Gold of KalielGold PLLC, (Eddie) Jae K. Kim of Lynch Carpenter LLP, and David Wilkerson of The Van Winkle Law Firm as Class Counsel is affirmed.

14. The Court affirms the finding that the Settlement Class meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) for purposes of the Settlement in that: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class Members; (d) the Class Representatives are adequate representatives for the Settlement Class, and have retained experienced counsel to represent them; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

15. The Class Representatives and each Settlement Class Member, and each of their respective executors, estates, administrators, representatives, present or past heirs, predecessors, assigns, beneficiaries, affiliates, successors, trusts, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by the entireties, agents, and attorneys ("Releasing Parties"), shall

automatically be deemed to have fully, finally, and irrevocably released and forever discharged Navy Federal and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees, agents, insurers, members, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, and predecessors ("Released Parties") of, and shall be forever barred from instituting, maintaining, or prosecuting, any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, asserted or unasserted, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort or any other theory, whether on behalf of themselves or others, that result form, arise out of, are based on, or relate to the conduct alleged in any of the complaints filed in the California Action, the South Carolina Action, or the Virginia Action, and the claims that were asserted or could possibly have been asserted in any of those actions relating to the conduct alleged in the Complaint ("Released Claims"). The Releasing Parties are hereby conclusively deemed to have waived California Civil Code Section 1542 and any other similar statutes, laws, or legal principles of any state.

16. Releasing Parties may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the Released Claims, or the law applicable to such claims may change. Nonetheless, each of the Releasing Parties agree that, as of the Effective Date, he or she shall have automatically and irrevocably waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent claims with respect to all the matters described in or subsumed by the Agreement. Further, each of the Releasing

Parties agrees and acknowledges that he or she shall be bound by the Agreement, including by the Releases therein, and that all of their claims in the Action shall be dismissed with prejudice and released, whether or not such claims are concealed or hidden; without regard to subsequent discovery of different or additional facts and subsequent changes in the law; and even if he or she never receives actual notice of the Settlement so long as the Notice Program is effectuated pursuant to the terms of the Agreement and/or never receives a Settlement Class Member Payment.

17. The Class Representatives and all Settlement Class Members are hereby barred and permanently enjoined from initiating, asserting, or prosecution any of the Released Claims against any person or entity, including the Released Parties, whether on behalf of Plaintiffs, any Settlement Class Member or others, or whether individually or collectively, in any jurisdiction, including in any federal, state, or local court or tribunal, at any time in any jurisdiction, including during any appeal from the Final Approval Order and Final Judgment.

18. The distribution plan as described in the Agreement and Notice to all Settlement Class Members is hereby approved, subject to modification by further order of this Court, which may, at the discretion of the Court, be entered without further notice to the Settlement Class Members. Any order or proceedings relating to the distribution plan or amendments thereto shall not operate to terminate or cancel the Agreement or affect the finality of this Final Approval Order.

19. The Court hereby decrees that neither the Agreement, nor this Final Approval Order, nor the fact of the Settlement is an admission or concession by Navy Federal or the Released Parties of any fault, wrongdoing or liability whatsoever, or as an admission of the appropriateness of class certification for trial or dispositive motion practice. This Final Approval Order and Final Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall be offered or received in evidence as

an admission, concession, presumption or inference against Navy Federal or the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Agreement or to support a defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

20. Class Counsel is awarded an Attorneys' Fees and Costs Payment in the amount of $2,000,000.00 to be paid from the Settlement Fund in accordance with the terms of the Agreement. Class Counsel's extensive experience litigating complex class actions and their tenacity in the fact of significant risk and complexity allowed them to achieve an outstanding recovery that provides substantial benefits to Settlement Class Members. The Court concludes Class Counsel's requested Attorneys' Fees and Costs is reasonable under both the percentage-of-the-fund method and lodestar crosscheck, and that the factors provided in *The Mills Corp. Sec. Litig.*, 265 F.R.D. 246, 261 (E.D. Va. 2009), and *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.8 (4th Cir. 1978), also weigh in favor of the requested attorneys' fees and costs awarded to Class Counsel.

21. The three Class Representatives – Siobhan Morrow, Tracee Le Flore, and Maria Hart – are each awarded a Service Award of $5,000.00, such amounts to be paid from the Settlement Fund in accordance with the terms of the Agreement.

22. The Settlement Administrator shall invoice Class Counsel for all Settlement Administration Costs estimated to be $506,122.66, which will be payable out of the Settlement Fund.

23. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by

negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation, and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program, the distribution of the Settlement Fund, and the Settlement Administrator. As part of their agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. The Court shall retain jurisdiction over the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims against the Released Parties at any time and in any jurisdiction, including during any appeal from the Final Approval Order and Final Judgment.

24. In the event the Effective Date does not occur or if the Settlement terminates due to any of the occurrences set forth in the Agreement, the Agreement shall be considered null and void; all of Plaintiffs', Class Counsel's, and Navy Federal's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into the Agreement, with all of the Parties' respective pre-Settlement rights, claims, and defenses will be retained and preserved.

25. Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Application for Attorneys' Fees, Costs, and Service Awards (Dkt. No. 246) is hereby **GRANTED** and Final Judgment is hereby entered.

26. This Action is hereby **DISMISSED WITH PREJUDICE**. Except as otherwise provided in this Final Approval Order and Judgment, the parties shall bear their own costs and attorneys' fees. The Clerk of Court is directed to **CLOSE THIS CASE** and **TERMINATE** any pending motions as **MOOT**.

27. Within 90 days after all monies in the Settlement Fund have been paid to class members, cy pres beneficiaries, and others pursuant to the Settlement Agreement, Plaintiffs must file a Post-Distribution Accounting, which provides the following information, preferably in a chart format: The total settlement fund, the total number of class members, the total number of class members to whom notice was sent and not returned as undeliverable, the number and percentage of claim forms submitted, the number and percentage of opt-outs, the number and percentage of objections, the average, median, maximum, and minimum recovery per claimant, the method(s) of notice and the method(s) of payment to class members, the amounts distributed to the cy pres recipient, and the total administrative costs. To the extent the Settlement Website remains operable at the time the Post-Distribution Accounting is filed with the Court, the Post-Distribution Accounting should also be posted to the Settlement Website.

**IT IS SO ORDERED.**

DATED: July 25, 2024

_____/s/_____ *LRV*
Lindsey Robinson Vaala
United States Magistrate Judge

Alexandria, Virginia

## EXHIBIT A
### Opt-Out List

1. KEVIN A PIECKIEL
2. LOREN R ROBERTS
3. KHALIFEH HIGHWIND
4. JOSEPH A CLARK
5. ANTONIO PIERRE BLUE
6. WENDY J STACE
7. NANNETTE M JOSHUA
8. ALEXANDER J NIEMIEROWKO
9. SEIKO OGURA
10. ELLA H RUDD
11. WILLIE A JOHNSON
12. ANNETTE J LARRY
13. JOHN B LARRY